UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IRN PAYMENT SYSTEMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 07 C 0141 ) ) Judge John W. Darrah |
| DIRECT FURNITURE, LLC; BRIAN W. WEINER; and JEFF WEINER, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, IRN Payment Systems ("IRN"), filed a seven-count Amended Verified Complaint against the Defendants, Direct Furniture, LLC ("Direct"), Brian Weiner ("Brian"), and Jeff Weiner, Brian's father ("Jeff"). The Amended Complaint alleges a breach of contract against Direct, a breach of personal guarantee by Brian, a fraudulent conveyance by Direct and Jeff, common-law fraud against Direct, common-law fraud against Brian, and violation of RICO, 18 U.S.C. § 1962(c), and conspiracy to commit RICO violation against all Defendants. Presently before the Court is Defendants' motion to dismiss for failure to state a claim upon which relief can be granted.

## BACKGROUND

A reading of the Plaintiff's Amended Complaint supports the following summary of the alleged operative conduct of the parties.

IRN was engaged in the business of providing credit card payment processing services. Direct is engaged in the business of selling furniture.

On or about April 12, 2006, IRN entered into a contract with Direct to process Direct's credit card transactions. According to the terms of the contract, Direct would periodically electronically submit a list of his credit card transactions to IRN, who in turn would remit to Direct the amount of the transactions, minus a transaction fee and a discount as provided in the contract. IRN would then request payment from the banks that had issued the credit cards used to purchase furniture from Direct.

Under the terms of the contract, if, for any reason, a transaction is charged back to IRN by the bank that issued the card, the full amount of such indebtedness may be charged back to the merchant (Direct) and deducted from payments due to the merchant or charged against any of the merchant's account. If the charge-backs are not collectible through deductions from payments due to Direct or from Direct's accounts, Direct is required to pay IRN the amount of the charge-backs. Under the terms of the contract, Direct agreed to pay all costs of collection in the event it became necessary for IRN to enforce the terms of the contract.

Beginning in September 2006, IRN began to receive charge-backs from the issuing banks. As of February 21, 2007, IRN had been charged back the sum of $430,553.20.

Because IRN was unable to collect the amount of the charge-backs from amounts due to Direct or from Direct's account, IRN demanded that Direct pay IRN the amount of the charge-backs. Direct refused to pay IRN.

Previously, on or about April 12, 2006, Brian executed a personal guarantee of full performance of all Direct's obligations under the contract, including, but not limited to, all monetary obligations. Brian has also failed to pay the amount due.

Direct has transferred a substantial portion of its assets to Jeff (co-owner of Direct), without receiving reasonably equivalent value of the assets transferred, in violation of the Illinois Uniform Fraudulent Transfer Act, 740 ILCS 160/1 *et seq.* At the time of the transfer, Direct submitted credit card transactions to IRN for payment, purportedly for the sale and shipment of furniture and knew at that time that no furniture would be shipped. Direct knew, or reasonably should have known, that IRN would be charged back for these transactions and that Direct would be obligated to repay IRN for the charge-backs.

Direct concealed the following: (a) "Direct had not shipped the furniture for which it had previously submitted requests for payment, (b) Direct did not have the merchandise in stock to fulfill the current and past orders; (c) Direct had taken no steps to obtain the merchandise to fulfill past and current orders; and (d) Direct did not intend to take any steps to obtain the merchandise to fulfill past and current orders." As explained below, by concealing these material facts, Direct falsely implied the contrary to IRN and engaged in a scheme to defraud IRN of its property, namely the funds paid by IRN to Direct.

Because the credit card transactions were submitted to IRN in the ordinary course of their dealings, IRN relied on these false statements and tendered payments to Direct. The charge-backs involved transactions made over a five-month period, causing IRN damages in excess of $430,553.20.

Brian, as a principal and officer of Direct, directed the fraud perpetrated by Direct against IRN. Brian and Jeff participated in the operation and management of the enterprise as the president and owner and directed other members and its employees in carrying out unlawful activities in furtherance of the conduct of the enterprise. Defendants knowingly engaged in a

pattern of racketeering activity by committing numerous acts of wire fraud. The dates, amounts, and descriptions of the fraudulent transactions are set forth in an exhibit of the Amended Complaint. Defendants' activities affected interstate commerce.

The Defendants allegedly knowingly and intentionally conspired to violate 18 U.S.C. §1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, as that term is defined by 18 U.S.C. § 1961(1) and (5).

## ANALYSIS

In ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004) (*Sprint*). Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To meet Rule 8(a)(2)'s requirements, "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.' *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007), *quoting, Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (alteration in *Bell Atlantic*). Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level;' if they do not, the plaintiff pleads itself out of court. *Bell Atlantic*, 127 S. Ct. at 1965, 1973 n. 14." *E.E.O.C. v. Concentra Health Serv., Inc.* __ F.3d __, __ (7th Cir. 2007) 2007 WL 2215764 (7th Cir. Aug. 3, 2007).

*Count I: Breach of Contract by Direct*

Count I alleges a breach of contract by Direct. A breach-of-contract claim does not fall within the exceptions found in Federal Rule of Civil Procedure 9 (such as pleading fraud, mistake, etc.). Therefore, it suffices if the claim is supported by facts that, if taken as true, at least plausibly suggest that the plaintiff is entitled to relief. *See Messner*, 2007 WL 1832116, at *2.

The Amended Complaint sufficiently alleges the terms of a contract and its breach by the Defendants. It notifies Direct, of the principal events and provides sufficient facts for the court to take as true and determine that a breach of contract has occurred. Specifically, the Amended Complaint alleges that "on or about April 12, 2006, IRN entered into a contract with Direct to process Direct's credit card transactions" and that "beginning in September 2006, IRN began to receive charge-backs from the issuing banks. As of February 21, 2007, IRN has been charged back the sum of $430,553.20."

Moreover, the Amended Complaint alleges that under the terms of the contract, if a transaction is charged back to IRN by the card-issuing institution for any reason and the charge-backs are not collectible through deductions from payments from Direct's accounts, Direct is required to pay IRN the amount of the charge-backs; Direct refused to pay IRN and, thus, breached the agreement to do so. Consequently, the Amended Complaint sufficiently alleges a cause of action for breach of contract against Direct.

*Count II: Breach of Personal Guarantee by Brian Weiner*

Count II, breach of personal guarantee by Brian, is derivative of the Count I breach-of-contract claim. Because the breach-of-contract claim has been sufficiently pled, the derivative claim is also sufficiently pled.

5

*Counts III, IV, and V: Fraud*

Counts III, IV, and V of the Amended Complaint all charge acts sounding in fraud. Claims in fraud must meet the specificity requirements of Federal Rule of Civil Procedure 9(b). The Rule requires a plaintiff alleging fraud to state the identity of the person who made a misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff. *See VI Com Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 777 (7th Cir. 1994) (*VI Com*).

Count III alleges fraudulent conveyance by Direct and Jeff. The Plaintiff asserts that assets transferred to Jeff from Direct be reversed as they are fraudulent conveyances as defined under the Illinois Uniform Fraudulent Transfer Act ("UFTA"), 740 ILCS 160/1 *et. seq.* The purpose of the UFTA is to invalidate otherwise sanctioned transactions made with fraudulent intent. *In re Mussa*, 215 B.R. 158 (Bkrtcy. N.D. Ill., 1997) *(Mussa)*. Pursuant to the UFTA, a fraudulent conveyance occurs if the: (1) creditor's claim arose before transfer, (2) debtor made the transfer without receiving reasonably equivalent value in exchange for the transferred property, and (3) debtor either was insolvent at the time of the transfer or became insolvent as a result of the transfer. 740 ILCS 160/6(a); *Mussa*, 215 B.R. 158.

In the present case, IRN has alleged that Direct transferred a substantial portion of its assets to Jeff without receiving reasonably equivalent value in exchange for the transferred assets. Further, the Defendants knew, or reasonably should have known, that Direct would be unable to fulfill its obligations to payback IRN for the charge-backs because of the transfers to Jeff. IRN further pleads that "at the time of the transfer, Defendant Direct intended to incur, or believed or reasonably believed that it would incur debts beyond its ability to pay." Furthermore, the dates, amounts, and descriptions of the fraudulent transactions are set forth in

6

an exhibit of the Amended Complaint. *See Moranski v. General Motors Corp.*, 433 F.3d 537, 539 (7th Cir. 2005) (court properly considered complaint as a whole, including exhibits attached to the complaint, when ruling on motion to dismiss for failure to state a claim).

IRN has complied with the heightened federal pleading requirement under Rule 9(b), and Count III has sufficiently pled an action in fraud. *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (Federal Rule of Civil Procedure 9(b) requires a plaintiff plead the circumstances constituting fraud with particularity – the "who, what, when, where, and how: the first paragraph of any newspaper story." ).

Count IV and V allege fraud against Direct and Brian, respectively. The requisite elements of a common-law-fraud cause of action are: (1) a false statement of material fact, intentionally made; (2) the party to whom the statement was made had the right to rely on it; (3) the statement was made for the purpose of inducing reliance thereon; and (4) the reliance by the person to whom the statement was made led to his injury. *Industrial Specialty Chemicals v. Cummings Engine Co.*, 902 F. Supp. 805, 813 (N.D. Ill. 1995).

The Defendants argue that IRN's allegations constitute a failure to volunteer information, which does not constitute fraud. *See Zanbetiz v. Trans World Airlines, Inc.*, 72 Ill. App. 2d 192 (1966). However, "while silence in a business transaction does not necessarily amount to fraud, silence accompanied by deceptive conduct or suppression of material facts results in active concealment"; and that "failure to disclose material information may be considered a false statement of material fact" for the purpose of pleading the first element of the common-law fraud. *Lefebvre Intergraphics, Inc. v. Sanden Mach. Ltd.* 946 F. Supp. 1358, 1366 (N.D. Ill., 1996) (*Lefebvre*).

Here, IRN, as more specifically set out above, alleged that by concealing certain material facts, such as that Direct had not shipped the furniture for which it had previously submitted requests for payments, the Defendants engaged in a scheme to defraud IRN of its property, namely the fund paid by IRN to Direct. Further IRN alleges that Direct never intended, at the time of the transactions (Count III, para. 10, incorporated into Count IV), to fulfill any orders (did not even have the merchandise in stock); but it still represented to IRN that it would so that IRN would advance Direct the money. These allegations sufficiently plead that the Defendants' silence was accompanied by deceptive conduct or suppression of material facts.

The Defendants further argue, that the Amended Complaint does not sufficiently plead a "scheme to defraud." A "scheme to defraud" requires an elaborate pre-existing plan of intentional deception; otherwise, "there is a risk of turning every breach of contract suit into a fraud suit." *Desnick v. American Broadcasting Company, Inc.*, 44 F.3d. 1345, 1354 (7th Cir. 1995); *see also Metropolitan Bank & Trust Co. v. Oliver*, 4 Ill. App. 3d 975, 978 (Ill. App. 1972) (defining an intentional scheme to defraud as a "carefully constructed plan of deceit"). Contrary to Defendants' argument, IRN's Amended Complaint, read as a whole, sufficiently pleads "scheme to defraud."

Lastly, the Defendants argue that the Amended Complaint does not allege fraud under state law because a cause of action for fraud may not be predicated upon the failure to "disclose an intent to do things in the future . . . to take steps to obtain merchandise." However, reading the Amended Complaint as a whole, as stated above, IRN has pled the actionable failure to disclose was "[a]t the time of transfer" of the request for payment from IRN. Furthermore, even if this were not so, "there is a recognized exception where the false promise or representation of future conduct is alleged to be the scheme employed to accomplish the fraud" to the general rule

8

that denies recovery for fraud based on a false representation of intention or future conduct. *Steinberg v. Chicago Medical School*, 69 Ill.2d 320, 334 (Ill. 1977). IRN has sufficiently pled a scheme to defraud by the Defendants; thus, IRN has sufficiently plead the above cited exception.

Based on the above, IRN has have sufficiently pled a cause of action in fraud in Counts IV and V.

*Counts VI and VII: The Racketeer Influenced and Corrupt Organizations Act ("RICO") Claims*

Count VI alleges violation of RICO. To state a cause of action under RICO, alleging a violation of 18 U.S.C. § 1962(c), a plaintiff must plead (1) conduct (2) of an enterprise (3) through a pattern of racketeering activity. *Richards v. Combined Ins. Co. of America*, 55 F.3d 247, 249 (7th Cir. 1995); *R.E. Davis Chemical Corp. v. Nalco Chemical Co.*, 757 F. Supp. 1499, 1516 (N.D. Ill. 1990) (*Davis*). The definition of "racketeering" provided in the statute includes a number of state and federal offenses, among which are wire and mail fraud. 18 U.S.C. § 1961(1).

### *Sufficiently Plead Enterprise*

An "enterprise" is defined in Section 1961(4) of RICO as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." The enterprise must have some structure to distinguish it from a mere conspiracy, but there need not be much. *Burdett v. Miller*, 957 F.2d 1375, 1379 (7th Cir. 1992) (*Burdett*).

In the present case, Direct is an Illinois corporation; and Brian and Jeff are the co-owners of the corporation. As such, the Amended Complaint has sufficiently pled the existence of an "enterprise."

### *Sufficiently Plead Pattern of Racketeering Activity*

The required "pattern" can be established by proof of at least two acts of racketeering activity within a ten-year period. 18 U.S.C. § 1961(5). Two predicate acts do not establish a pattern; rather, "it must also be shown that the predicates themselves amount to, or constitute a threat of, continuing racketeering activity." *See H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 240 (1989) (*Bell*).

Claims based on acts of mail and wire fraud "must do more than outline a scheme or make loose references to mailings and telephone calls; rather, the plaintiff must be careful to allege such particulars as who initiated the communication, when the communication took place, the contents of the communication, and how the communication furthered the scheme to defraud." *Davis*, 757 F. Supp. at 1516, citing *Landon v. GTE Comm. Serv., Inc.*, 696 F. Supp. 1213, 1218 (N.D. Ill. 1988) (*Landon*). "Without an adequate description of the predicate acts of mail and wire fraud, a complaint does not provide . . . sufficient information to determine whether or not a pattern of racketeering activity has been established." *Davis*, 757 F. Supp. at 1516.

The Defendants argue that the Amended Complaint fails to adequately allege wire or mail fraud and cite to *Clark v. Robert W. Baird Co., Inc.* 142 F. Supp. 2d. 1065,1072 (N.D. Ill. 2001) (*Clark*), for the proposition that "the Seventh Circuit is reluctant to recognize a pattern where there is only one victim." The Defendants also argue that the Amended Complaint fails to adequately allege that the criminal activity is continuous (or that there is a threat of continuity).

However, the *Clark* case is distinct from the case at bar. In *Clark*, there was no enterprise conducted by the defendants through which the racketeering actions occurred; and the plaintiff there failed to allege a specific time period when the transactions occurred. *Clark*, 142 F. Supp. 2d at 1072. In the present case, IRN has alleged the existence of an enterprise and that the racketeering actions occurred over a five-month period. Because, in the present case, IRN has alleged such particulars as separate dates, distinct amounts, and different customers involved relating to distinct purchases, IRN has complied with the specificity requirements of the Rule 9(b).

Moreover, the Amended Complaint alleges that the predicate acts committed by the Defendants is part of their regular way of conducting their business and that there is a specific threat of repetition. Specifically, the Amended Complaint alleges that "because of the ongoing nature of the relationship between Direct and IRN, the pattern of racketeering activity posed a threat of indefinite duration." Therefore, IRN has sufficiently pled that the racketeering predicates are related and that they amount to or pose a threat of continued criminal activity. *See Bell*, 492 U.S. at 240.

Consequently, by alleging hundreds of predicated acts of racketeering activity within a ten-year period, as required by the statute, and open-ended continuity (with a threat of continued criminal activity), IRN sufficiently alleged a pattern of racketeering activity to state a claim upon which relief may be granted. The motion to dismiss Count VI is denied.

Count VII alleges conspiracy to violate RICO under 18 U.S.C. § 1962(d). Section 1962(d) of RICO states that it is unlawful for any person to conspire to commit any of the provisions mentioned in § 1962(a),(b), or (c). The Defendants argue that the Amended Complaint fails to allege that the Defendants entered into an agreement to participate in a

conspiracy and shared a common objective. The Defendants cite to *Bell Atlantic* for the proposition that to survive a motion to dismiss in a conspiracy pleading, much more is required than a claim of entitlement to relief. They argue that the cornerstone of a conspiracy claim is an agreement and that IRN has failed to allege any agreements, including what, when, where, and why. However, as discussed above, the Amended Complaint, read as a whole, sufficiently pleads the what, when, where, and why of the agreements between the Defendants. IRN has sufficiently pled a conspiracy to violate RICO.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss IRN's Amended Complaint is denied.

Dated: September 12, 2007

JOHN W. DARRAH
United States District Court Judge