IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IRN PAYMENT SYSTEMS, ) | |
| ) | |
| Plaintiff, ) | Case No. 07 cv 0141 |
| ) | |
| v. ) | Judge John W. Darrah |
| ) | |
| DIRECT FURNITURE, LLC; ) | |
| BRIAN W. WEINER; and JEFF WEINER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff's Motion for Summary Judgment as to Counts I and II of Plaintiff's First Amended Complaint ("Complaint") (Doc. 42) and Plaintiff's Motion for Leave to File an Amended Affidavit (Doc. 56). For the reasons stated below, the Motion for Summary Judgment is granted in part and denied in part; the Motion for Leave to File an Amended Affidavit is denied.

## LEGAL STANDARD

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining summary judgment motions,

1

"facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, __ U.S. __, 127 S. Ct. 1769, 1776 (2007). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once a properly supported motion for summary judgment is made, the nonmoving party cannot merely rest on conclusory pleadings but must "set forth specific facts in affidavits or otherwise to show that there is a genuine issue of material fact that must be decided at trial." *Colan v. Cutler-Hammer, Inc.*, 812 F.2d 357, 361 (7th Cir. 1987).

## BACKGROUND

The Court derives the background facts from the parties' statements made pursuant to Local Rule 56.1.[1] Based on the parties' statements, the following facts are not in dispute.

Plaintiff IRN Payment Systems ("IRN") is a New York corporation engaged in the business of providing credit card payment processing services. (Affidavit of James F. Marchese, attached to Def. Br., ("Marchese Aff."), ¶ 1.) Defendant Direct Furniture, LLC ("Direct") is an Illinois limited-liability corporation, with its principal

---

[1] Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the party contends there is no genuine issue for trial." *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004). Local Rule 56.1(b)(3) requires the nonmoving party to admit or deny every factual statement proffered by the moving party and to concisely designate any material facts that establish a genuine dispute for trial. *See Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). A litigant's failure to respond to a Rule 56.1 statement results in the Court's admitting the uncontroverted statement as true. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006).

office in Mundelein, Illinois. Direct is engaged in the business of selling furniture. (Marchese Aff., ¶ 2.) Defendant Brian W. Weiner is an owner of Direct. (Marchese Aff., ¶ 3.)

On or about April 12, 2006, IRN entered into a contract with Direct to process Direct's credit card transactions. Under the terms of the contract, Direct periodically electronically submitted to IRN a list of its credit card transactions. IRN would then remit to Direct the amount of the transactions minus a transaction fee and a discount as provided in the contract. Subsequently, IRN would request payment from the banks that issued the credit cards. (Marchese Aff., ¶¶ 4-7; Pltf. Resp., ¶¶ 8-11.)

Under the terms of the contract, if a transaction is charged back to IRN by the card-issuing institution for any reason, the full amount of such indebtedness may be charged back to the merchant (here, Direct) and deducted from payments due to the merchant or charged against any of the merchant's accounts or reserve account. If the charge backs are not collectible through deductions from payments due to Direct, or from Direct's accounts, Direct is required to pay IRN the amount of the charge backs. (Marchese Aff., ¶ 10; Pltf. Resp., ¶ 14.) Further, under the terms of the contract, Direct agreed to pay all costs of collection in the event it became necessary for IRN to enforce the terms of the contract. (Marchese Aff., ¶ 13; Pltf. Resp., ¶ 18.) On or about April 12, 2006, Defendant Brian Weiner executed a Personal Guaranty, guaranteeing full performance of Direct's obligations under the contract. (Marchese Aff., ¶ 14; Pltf. Resp., ¶ 19.)

3

Beginning in September 2006, IRN began to receive charge backs. (Marchese Aff., ¶ 8; Pltf. Resp. ¶ 12.) IRN was unable to collect the amount of charge backs it claimed from amounts due to Direct or from Direct's accounts. Therefore, IRN demanded that Direct pay IRN the amount of the charge backs. (Marchese Aff., ¶ 11; Pltf. Resp., ¶ 15.) To date, Direct has not paid IRN any amount for asserted charge backs.

## ANALYSIS

IRN moves for summary judgment in its favor on Counts I and II of its Complaint. Count I alleges that Direct's refusal to pay IRN the amount of the charge backs constitutes breach of the contract between Direct and IRN. (Complt., Count I, ¶ 20.) IRN further alleges that pursuant to the terms of the contract, it is entitled to recover the amount of the charge backs, its costs and attorney's fees, as well as statutory interest on the amount due because Direct's refusal to pay without defense constitutes vexatious delay. (Complt., Count I, ¶ 22.) Count II alleges that Defendant Brian Weiner is personally liable to IRN for the amount of the charge backs as guarantor of Direct's obligations. (Complt., Count II, ¶ 11.).

IRN asserts that there is no dispute between the parties as to the essential facts that charge backs occurred and that Direct has not paid them. According to IRN, the only dispute that exists between the parties is the amount of the charge backs. IRN contends the total amount of the charge backs is established by the affidavit of James Marchese, who states that the total amount is the sum of $430,550.20. (IRN Br. at 4, Marchese Aff., ¶ 9) ("IRN has received chargebacks against Direct[']s account in the total the sum [sic]

of $430,550.20 as detailed on the spreadsheet attached hereto as Exhibit 'B.'") IRN contends that since the amount of the charge backs is established, there is no genuine issue of material fact and that it is entitled to judgment on Counts I and II as a matter of law.

Direct does not dispute that it owes IRN for charge backs under the parties' contract, nor does Direct dispute that Brian Weiner is personally obligated as guarantor. However, Direct contends summary judgment should be denied because a genuine dispute exists as to the amount of damages. First, Direct contends the amount of the charge backs is disputed. Direct takes issue with the admissibility of Marchese's affidavit, maintaining that Marchese's statement that "charge backs in the amount of $430,550.20 have been received by IRN" and the spreadsheet attached to the affidavit as Exhibit B are "inadmissible and unreliable hearsay without any foundation." (Def. Br. at 1.) Direct further contends that even if the affidavit and spreadsheet are admissible, they create a material issue of fact. Direct points out that Marchese's affidavit says there have been $430,550.20 in charge backs, while the last page of the spreadsheet shows a total amount of $388,646.17. (*See* Marchese Aff., Ex. B.)

Direct also disputes that IRN is entitled to recover statutory interest for vexatious delay. Apparently in an effort to show that its delay was not vexatious, Direct submits the affidavit of Brian Weiner, who states that the reason Direct cannot pay IRN is that Direct is a defunct company and has no money to pay creditors. Brian Wiener states that Direct suffered serious business reverses as a result of increasing costs and a nationwide slump in housing and furniture sales. Brian Weiner states that he and Jeff Weiner have

5

lent the company money and have attempted to find a buyer for it but have had no success.

Brian Weiner further states that he cannot determine what, if any, amounts are owed to IRN without IRN's providing on its spreadsheet the names of the customers whose orders were not shipped.

The Court has read the parties' briefs and arguments and statements of facts. The Court finds there is no genuine issue of material fact as to Direct's liability to IRN to repay charge backs under the parties' contract. Under Illinois law, to state a cause of action for breach of contract, a plaintiff must show: (1) the existence of a valid contract; (2) the performance of the contract by plaintiff; (3) the breach of the contract by defendant; and (4) a resulting injury to the plaintiff. *Priebe v. Autobarn Ltd.*, 240 F.3d 584, 587 (7th Cir. 2001).

There is no dispute that the parties' contract obligates Direct to repay IRN for charge backs and that charge backs have occurred. Further, there is no genuine issue that Brian Weiner personally guaranteed Direct's obligation to repay the charge backs. The *only* issue as to which there is a genuine issue of material fact in Counts I and II is the amount of damages, including IRN's entitlement to statutory interest.

Pursuant to Federal Rule of Civil Procedure 56(d)(2), "[a]n interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damages." There being no genuine issue requiring trial as to Direct's liability to IRN on Counts I and II, IRN's motion for summary judgment is granted as to

the issue of liability. Genuine issues of material fact requiring trial exist as to the amount IRN is owed; therefore, the motion is denied as to the amount of damages.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Summary Judgment as to Counts I and II of Plaintiff's First Amended Complaint (Doc. 42) is granted as to liability but denied as to damages. As issues of fact exist on the issue of damages, Plaintiff's Motion to File an Amended Affidavit (Doc. 56) is denied.

Date: September 3 2008

JOHN W. DARRAH
United States District Court Judge